UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEVEN YODER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-168 CAN |
| ) | |
| CITY OF LOGANSPORT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On October 31, 2007, Defendants City of Logansport, *et al.* (Logansport) filed a motion to dismiss. On November 9, 2007, Plaintiff Steven Yoder (Yoder), proceeding *pro se*, filed a response in opposition to Logansport's motion. On November 19, 2007, Logansport filed a reply in support of its motion. The Court now enters the following opinion and order on the motion to dismiss and related motions.

**I.   PROCEDURE**

Yoder is the owner of certain properties in Logansport, Indiana. Apparently, Yoder was using the properties in a manner that was inconsistent with Logansport's zoning ordinances. Around or before 2002, Yoder and Logansport were engaged in litigation in state court regarding Yoder's use of his property. On July 19, 2002, the state court entered an agreed order based on settlement between the parties. (See Doc. No. 33-2)

On April 9, 2007, Yoder, proceeding *pro se*, filed his complaint in this Court. On June 18, 2007, Logansport filed its answer to Yoder's complaint. On July 17, 2007, this case was reassigned to the undersigned based upon the consent of the parties.

Yoder's complaint, filings, and pleadings are all handwritten and, at times, they are difficult to comprehend.[1]  However, this Court discerns two claims from all of Yoder's filings.  First, Yoder is claiming that Logansport committed a § 1983 violation.  Second, Yoder seeks to set aside the state court judgment.

On October 31, 2007, Logansport filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) because Logansport believes this Court lacks subject matter jurisdiction to hear Yoder's case.  On November 9, 2007, Yoder filed an opposition to that motion, and on November 19, 2007, Logansport filed a reply in support of its motion.  This Court may rule on this motion pursuant to the parties' consent and 28 U.S.C. §636(c).

The issue this Court must resolve is whether it has subject matter jurisdiction to hear the case.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

Fed. R. Civ. P. 12(b)(1) authorizes dismissal of claims in which the Court has no jurisdiction.  In analyzing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the pleadings and view whatever evidence has been submitted to determine whether subject matter jurisdiction exists.  Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).  The court must "presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record."  Id.  However, the court will accept that party's well pled factual allegations as

---

[1] While this Court cannot rule on Yoder's motions because this Court lacks subject matter jurisdiction, this Court will liberally consider all of Yoder's filings in determining whether this Court has subject matter jurisdiction. Consequently, this Court has examined Yoder's filings, such as Yoder's August 31, 2007, "Motion to Set Aside," to discern Yoder's claims.

2

true and draw reasonable inferences in his favor.  Capital Leasing Company v. Federal Deposit Insurance Corporatoin, 999 F.2d 188, 190 (7th Cir. 1993).

    B.    Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, named after the Supreme Court cases Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments.  Long, 182 F.3d at 554.  The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations.  Id.  Consequently, the Rooker-Feldman doctrine demands that a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to pursue relief through the state court system.  Id.  "Because the Rooker-Feldman doctrine is jurisdictional in nature, its applicability must be determined before considering any arguments regarding *res judicata*."  Id. at 554-55.

"The fundamental . . . question to ask is whether the injury is alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment."  Id. at 555.  If the alleged injury results because of the state court judgment itself, the Rooker-Feldman doctrine directs that the lower federal court lacks jurisdiction.  Beth-El All Nations Church v. City of Chi., 486 F.3d 286, 292 (7th Cir. 2007); Crestview Village Apartments v. U.S. Dept. Of Housing and Urban Development, 383 F.3d 552, 556 (7th Cir. 2004).  "The crucial point is whether the district court is in essence being called upon to review the state court decision."  Id.

    C.    Yoder's Motion to Set Aside and Logansport's Motion to Dismiss

3

At the very least, Yoder asks this Court to set aside the state court agreed order, as is evident from Yoder's motion to set aside. (See Doc. No. 22) ("Comes now, Plaintiff, . . . and respectfully moves the Court to set aside the agreed order/judgment from . . . the Cass County Courts.") Yoder's requested relief is precisely what the Rooker-Feldman doctrine prohibits, and as a result, this Court lacks jurisdiction to entertain his request. Even though the state court judgment is an "agreed order," and even if it was the result of a mediation, a state court approved settlement agreement is a judgment. Crestview Village Apartments, 383 F.3d at 556. If Yoder is unhappy with that settlement and seeks to have it rescinded, then his relief lies within the state court system.

Yoder's § 1983 claims remain. Upon examination of Yoder's § 1983 claims, these too are foreclosed from consideration by the Rooker-Feldman doctrine. Yoder argues that the Logansport zoning laws are unconstitutional and a violation of the 14th amendment. Yoder even claims that Logansport zoning laws constitute a "gag order" in violation of his first amendment freedom of speech. Based upon the factual allegations in Yoder's complaint, filings, and arguments, he is only making two possible § 1983 claims.

First, if Yoder is claiming a § 1983 violation based on Logansport's attempts to enforce the state court agreed order, the Rooker-Feldman doctrine strips this Court of jurisdiction from hearing that claim. If the alleged injury results because of the state court judgment itself, the Rooker-Feldman doctrine directs that the lower federal court lacks jurisdiction. Beth-El All Nations Church, 486 F.3d at 292.

Yoder's other possible § 1983 claim is that Logansport's zoning laws as applied to Yoder's property are unconstitutional, and as a result, a § 1983 violation. However, the

4

constitutionality of Logansport's zoning laws, based on the result they created with Yoder's property, was the basis of the state court's case and decision in its "agreed order." If this is Yoder's § 1983 claim, he is simply attempting to rehash arguments that have already been considered and decided by the state court, except he has attempted to recast them as § 1983 claims in this Court. Rearguing and refiling claims that have been litigated and decided by a state court under the guise of § 1983 in federal court cannot circumvent the Rooker-Feldman doctrine. A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993). . Simply put, this Court does not have jurisdiction to reconsider decisions already made by a state court.

In summary, the Rooker-Feldman doctrine strips this Court of jurisdiction to hear any claim to set aside the state court judgment. Also, Yoder's cannot reclassify this request for relief as a § 1983 claim to circumvent the Rook-Feldman doctrine. Consequently, Logansport's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is **GRANTED**. Yoder's claims are **DISMISSED**

### III.   CONCLUSION

Because the Rooker-Feldman doctrine strips this Court of jurisdiction, Logansport's motion to dismiss is **GRANTED** [Doc. No. 28] and Yoder's complaint is **DISMISSED**. The clerk is instructed to term the case.

**SO ORDERED.**

Dated this 6th Day of December, 2007.

> S/Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge